# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| A.R.K., INDIVIDUALLY AND AS NEXT FRIEND OF JOHN ROE, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | Civil Action No. SA-18-CV-294-XR |
| v. | | |
| LA PETITE ACADEMY, ET AL., | | |
| *Defendants.* | | |

**REMAND ORDER**

On this date, the Court considered its jurisdiction over this case and Plaintiff's Motion to Remand (docket no. 5). After careful consideration, the Court GRANTS the motion and remands the case.

Plaintiff filed this lawsuit in state court against the day care provider La Petite Academy, certain individuals, and Defendant Grindr, asserting claims solely under state law. Plaintiff alleges that Grindr and the individual defendants engaged in a conspiracy to produce and disseminate sexually explicit photographs and pornography, with Grindr providing the platform for anonymous meetings, communication, and dissemination.

On April 3, Grindr removed this action, asserting federal question jurisdiction and arguing that it is immune from liability under the Communications Decency Act ("CDA"), 47 U.S.C. § 230, that "such statutory framework pre-empts the state common law claims," that Plaintiffs' allegations "omit federal claims essential to recovery," and that Grindr's immunity is a "substantial question of federal law . . . upon which Plaintiffs' right to recovery necessarily depends." The relevant portion of the CDA provides, "No provider or user of an

interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Thus, the CDA creates immunity from certain types of claims. *See AF Holdings, LLC v. Doe*, No. No. C12-2049 PJH, 2012 WL 3835102, at *5 (N.D. Cal. Sept. 4, 2012).

Later that same day, Grindr filed an Amended Notice of Removal based on the filing of Plaintiffs' Amended Petition in state court on April 2, and again asserts therein that the CDA pre-empts the state common-law clams pled by Plaintiffs and that its immunity "is a substantial question of federal law . . . upon which Plaintiffs' right to recovery necessarily depends." Grindr notes that the amended petition expressly alleges that Grindr is an internet business consisting of a "mobile application and online digital magazine" and is a "means and internet basis for secure communication and anonymity." Docket no. 6. Grindr asserts that Plaintiffs have described Grindr as an interactive computer service as that term is defined by the CDA. *Id.* at 4.

This Court issued a Show Cause Order on April 4, 2018, directing Grindr to show cause why this case should not be remanded for failure to demonstrate federal question jurisdiction, because conflict or ordinary preemption (including preemption as a defense to liability) is generally insufficient to establish federal question jurisdiction for removal and Grindr had not demonstrated that the CDA completely preempts state law. On April 16, Plaintiff filed a motion to remand based on lack of subject matter jurisdiction and procedural defects (failure to obtain written consent of served defendants). Grindr has responded to the Show Cause Order, but not the motion to remand.

For a federal question to provide the basis for removal jurisdiction, it must appear in the plaintiff's complaint itself, rather than in an affirmative defense or counterclaim. *Google, Inc. v. Hood*, 822 F.3d 212, 221 (5th Cir. 2016) ("We apply the 'well-pleaded complaint rule' to determine whether a suit arises under federal law, asking 'whether the plaintiff has affirmatively alleged a federal claim.' As a corollary, 'anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction.'"); *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 328 (5th Cir. 2008) ("anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction"). Thus, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Preemption/immunity under the CDA is an affirmative defense. *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014). Because the CDA provides only an affirmative defense to liability, it does not provide a basis for removal jurisdiction.[1]

The Court noted in its Show Cause Order that a case may be removable when federal law completely preempts the state-law claims. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). There is no indication that Congress meant to completely preempt state-law claims. In fact, the CDA provides that "[n]othing in this section shall be construed to prevent any State

---

[1] To the extent Grindr argues that Plaintiffs' petition "omits federal claims essential to recovery," the Court rejects the position that Plaintiff is artfully pleading to avoid stating a federal claim. The CDA does not provide a cause of action, and thus Plaintiff could not have brought this case originally in federal court under the CDA, one of the basic requirements of removal jurisdiction. *See Kowalski v. Koster*, No. 2:11 CV 04129 NKL, 2011 WL 4349365 (W.D. Mo. Sept. 15, 2011) ("[T]he CDA immunizes internet service providers and does not create any cause of action.").

3

from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e). The plain language of the CDA indicates a congressional intent for conflict (or ordinary) preemption rather than complete preemption.

"Whereas complete preemption establishes federal subject matter jurisdiction over a state law claim, ordinary preemption (variably called 'defensive preemption') is an affirmative defense that a defendant can invoke 'to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law.'" *Spear Marketing, Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016); *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) ("'Complete preemption,' which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption'), which does not."). The Court's Show Cause Order noted that a brief search had revealed several cases holding that the CDA does not completely preempt state law.

In its response to the Show Cause Order, Grindr does not provide any contrary authority or cite any caselaw or statutory basis for finding complete preemption. Rather, it argues that "Congress intended to preempt state laws that conflict with the accomplishment of its purpose" and cites the policy of the Act, specifically to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." Docket no. 6 at 3 (citing 47 U.S.C. § 230(b)). Grindr argues that Congress wanted to ensure uniformity. However, this does not establish complete preemption, and Grindr has not demonstrated "arising under" federal

4

question jurisdiction under the *Grable* test. The Court lacks federal question subject matter jurisdiction.

Plaintiff's motion to remand asserts that the removal was also procedurally defective because Grindr failed to obtain the consent of all properly joined and served parties. In its response to the Show Cause Order, Grindr indicated its intent to also respond to Plaintiff's motion to remand. Docket no. 6 at 2 ("Defendant reserves the right to address Plaintiff's Motion to Remand, and the procedural and substantive defects claimed therein, under separate cover."). However, a response to the motion to remand was due April 30, and Grindr did not file a response.

Grindr's notice of removal stated on information and belief that the individual Defendants had not been served, but Plaintiff contends that Defendant Malven had been served before removal and that his consent was therefore required. Grindr apparently failed to examine the state court docket sheet before removal. Although the removal statutes and local rules do not require a removing defendant to attach the state court docket sheet to the notice of removal, familiarity with it is implicit, and courts – including specifically this court -- have held that removing defendants will be charged with constructive notice of the content of the state court docket sheet when the defendant files a removal. *KLN Steel Prods. Co. v. CNA Ins. Co.*, No. SA-06-CA-0709-XR, 2006 WL 3228534 (W.D. Tex. Nov. 6, 2006). The docket sheet indicates that Malven was served on March 16, 2018, and the return was received March 19, 2018. Grindr removed this action on April 2, 2018. Thus, had Grindr consulted the state court docket sheet, it would have been aware of service on Malven.[2]

---

[2] If, after consulting the docket sheet and the relevant service documents, Grindr believed that Malven was not properly served, it would need to demonstrate a good faith basis for this belief in its Notice of Removal.

The burden of establishing federal court jurisdiction rests with the removing party. Grindr's notice of removal falls short of its burden to establish the existence of federal question jurisdiction to support removal and the removal is procedurally defective. Accordingly, this case must be remanded.

Plaintiff has asked for an award of attorney's fees for the improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Thus, absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* at 141. Thus, "[w]e evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). A defendant's subjective good faith belief that removal was proper is insufficient to establish that the district court abused its discretion in awarding attorney's fees under Section 1447(c). *Id.* at 292 ("To be sure, the district court may award fees even if removal is made in subjective good faith."); *see also American Airlines v. Sabre, Inc.*, 694 F.3d 539, 542 n.2 (5th Cir. 2012) (same). District courts have discretion in deciding whether to assess attorney's fees. *Sabre*, 694 F.3d at 544.

The Court finds that Grindr lacked an objectively reasonable basis for removal and exercises its discretion to award attorney's fees. At the time of removal, the law was clearly

established that a federal defense, including one of preemption that will necessarily be an issue in the case, is insufficient to establish federal question jurisdiction. The plain language of the CDA demonstrated a congressional intent for conflict preemption only. As the Court previously noted, a cursory search of this issue reveals several cases going back at least two decades holding that the CDA does not completely preempt state law. *See, e.g.*, *Leviston v. Jackson*, No 15-CIV-4563 (KPF), 2015 WL 2015 WL 3657173 (S.D.N.Y. June 12, 2015) ("Defendant's argument for removal on the basis that the CDA preempts Plaintiff's claims thus requires Defendant to demonstrate that Section 230 of the CDA preempts state law entirely within its field. It does not."); *R.L. Lackner, Inc. v. Sanchez*, No. B-050264, 2005 WL 3359356 (S.D. Tex. Dec. 9, 2005); *Cisneros v. Sanchez*, 403 F. Supp. 2d 588, 593 (S.D. Tex. 2005) ("Any preemptive effect the CDA may have only rises to the level of a defense to certain causes of action, which is insufficient to support removal jurisdiction."); *In re Baxter*, No. 01-00026-M, 2001 WL 34806203 (W.D. La. Dec. 20, 2001); *Zeran v. America Online, Inc.*, 958 F. Sup. 1124 (E.D. Va. 1997), *aff'd*, 129 F.3d 327 (4th Cir. 1997). Had Grindr's counsel performed even minimal research on this issue, these cases would have been discovered. Thus, given the clearly established law that only complete preemption would provide a basis for removal and the existence of case law establishing the lack of complete preemption in this case, the removal on the basis of federal question jurisdiction was not objectively reasonable.

In addition, the Court finds that Grindr was not objectively reasonably in asserting "on information and belief" that Malven had not been served when this information could have easily been disproved by consulting the state court docket sheet before removal. Thus, it was

7

not objectively reasonable for Grindr to believe that it had complied with all procedural requirements for removal.

This case is REMANDED pursuant to 28 U.S.C. § 1447(c) & (d) for lack of subject matter jurisdiction.

The Court awards attorney's fees pursuant to §1447(c). Plaintiff shall file an affidavit demonstrating the attorney's fees and costs reasonably incurred as a result of the removal within seven days.

It is so ORDERED.

SIGNED this 2nd day of May, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE