IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| A.R.K. INDIVIDUALLY AND AS NEXT FRIEND OF JOHN ROE, A MINOR<br>Plaintiffs, | §§§§§ | |
| Vs. | §§ | CIVIL ACTION NO. SA-18-CV-294 XR |
| LA PETITE ACADEMY, ET AL.,<br>Defendants. | §§§ | |

**AFFIDAVIT OF ANDREW E. TOSCANO
IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ATTORNEY'S FEES**

STATE OF TEXAS      §
                    §
COUNTY OF BEXAR     §

BEFORE ME, the undersigned authority, on this day personally appeared Andrew E. Toscano, who swore on oath that the following facts are true:

"My name is Andrew E. Toscano. I am of sound mind, capable of making this Affidavit, and am fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and am over 21 years of age.

"I am lead counsel for the Plaintiffs in the above styled and numbered case.

"I am a trial and appellate attorney in San Antonio, Texas with the firm of Gene Toscano, Inc., which I joined most recently in 2000. I have been licensed to practice law in Texas since 1993. I hold degrees from St. Mary's University and Baylor University School of Law. I am licensed to practice in all state courts in Texas, in the United States District Courts for the Western District of Texas and the Fifth Circuit Court of Appeals.

"As a trial and appellate attorney, I have represented thousands of clients in a wide range

1

of civil and criminal cases since entering private practice in 1993. From the mid-1990's to the present, I have been actively involved in prosecuting and to a lesser extent, defending claims and cases against all potential defendants who have caused personal injuries, breaches of fiduciary duty, consumer violations and other causes of action. I have also represented clients (attorneys) in State Bar grievance proceedings, I have sued attorneys for legal malpractice and, on occasion, have assisted persons in making disciplinary complaints against attorneys and defending uninsured attorneys on legal malpractice and breach of fiduciary duty claims.

"In civil cases brought against attorneys and defendants and in grievance proceedings, the bills and invoices of the attorneys and the amounts they charged are invariably produced in discovery, so I have reviewed many legal fee statements/bills from a wide variety of attorneys and firms as well as having produced my own in the myriad of cases identified above.

"Further, I have represented many clients in litigation in which other parties to the litigation were seeking the recovery of attorney's fees. In those cases, the discovery and trial process involved the review and analysis of the amounts of fees being sought and the type of work for which the fees had been charged.

"Over the course of my career as a lawyer, I have handled many cases in which my client sought the recovery of its attorney's fees where, as here, the opposing party had breached an agreement.

"In reaching the opinions expressed herein, I have also considered the 2015 hourly rate fact sheet prepared by the State Bar of Texas Department of Research and Analysis which presents data collected on the hourly rates charged by the attorneys in the State of Texas who responded to that survey. A copy of it is attached to this report as Exhibit 1.

"In reaching my opinions on the reasonableness and necessity of attorney's fees incurred

in the response to and defense of the Removal by GRINDR, LLC, in the underlying litigation and the legal fees incurred in this federal court litigation, I have been guided by the factors set out in *Arthur Anderson v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997) and *Johnson v. Georgia Hwy Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

"Under the decision of the Supreme Court of Texas in the *Arthur Anderson* case, and reaffirmed by it repeatedly thereafter in decisions such as *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 75 (Tex. 2012), there are eight factors which are to be considered in evaluating the reasonableness of attorney's fees. Those factors are:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

2. The likelihood that the acceptance of the particular employment will preclude other employment by the attorney;

3. The fee customarily charged in the locality for similar legal services;

4. The amount involved, and the results obtained;

5. The time limitations imposed by the client or by the circumstances;

6. The nature and length of the professional relationship with the client;

7. The experience, reputation, and the ability of the attorney performing the legal services; and

8. Whether the fee is fixed or contingent on the results obtained.

"In the *Johnson* case, the Court of Appeals for the Fifth Circuit identified twelve factors which should be considered. They are:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The level of skill required;

4. The effect on other employment of the attorney;

3

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount of money involved, and the results obtained;

9. The experience, reputation, and the ability of the attorney;

10. The undesirability of the case;

11. The nature and length of the attorney's relationship with the client;

12. Awards in similar cases.

"I have charged $300.00 per hour for my work on this case.

"Based upon my education, background, experience, and upon my review of the materials described above, it is my opinion that each of those hourly rates is a reasonable rate for the individual concerned in the litigation in which the services were performed. The rates are well within the range of rates charged in this area by attorneys of similar abilities to those involved here. Hourly fee rates customarily charged by attorneys in this area for breach of contract litigation range from a low of $150.00 per hour for a relatively inexperienced attorney up to $450.00 per hour or more for a very experienced attorney.

"Under both federal and Texas case authorities, a party seeking an attorney's fees award must segregate the fees for legal work relating to claims for which such fees are recoverable from those for which they are not. *Tony Gullo Motors 1, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006). If, however, discreet legal services advance both a recoverable and an unrecoverable claim they are deemed to be intertwined and recovery can be sought for such fees. *Chapa* at 313-14.

"Accordingly, I have prepared a chronological list, attached as Exhibit 2, of legal services performed by my law firm in this case which sets out the legal services performed in defending

the removal action on behalf of the Defendant, GRINDR, LLC.

"All of the time/hours described on Exhibit "2" were actually expended on the topics stated by the person listed. The amount of hours/time expended on the described activities are reasonable and appropriate both individually and in the aggregate. As set out above, the hourly rates are reasonable.

"Following conferences that I had with Gary Gibson, co-counsel for Plaintiffs, it has been agreed that following the application of the legal tests described above, the $4,350.00 total set out in Exhibit "2" is not disputed as being a reasonable amount for necessary fees incurred by Plaintiffs in pursuing their claim.

"FURTHER Affiant sayeth not."

_____
ANDREW E. TOSCANO

SUBSCRIBED AND SWORN TO BEFORE ME by ANDREW E. TOSCANO on this 9th day of May, 2018.



_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James W. Goldsmith, Jr.
jamesgoldsmith@mehaffyweber.com
Keith B. O'Connell
keithoconnell@mehaffyweber.com
**MEHAFFY WEBER**
4040 Broadway Street, Suite 522

San Antonio, Texas 78209
Telephone: 210/824-0009
Telecopier: 210/824-9429
**ATTORNEYS FOR DEFENDANT
GRINDR, LLC**

/s/Andrew E. Toscano
ANDREW E. TOSCANO